# STATE OF TENNESSEE
## LAWRENCE COUNTY
### CIRCUIT COURT AT LAWRENCEBURG, TN

Marsleane Lewis and
Cyril Lewis
 Plantiff

VERSUS

Stage Stores, Inc
Specialty Retailers LP
 Defendant

Number CC-1949-06

## CIRCUIT COURT SUMMONS

TO: Specialty Retailers c/o CT Corporation Systems 9th Cay st Suite 2021 Nashville TN 37929

Defendant in the above entitled civil action

You are hereby summoned, and required to serve upon Charles N. Bates

plaintiff's attorney whose address is 203 W Gaines St - PO Box 459 Lawrenceburg TN 38464

an answer to the Complaint

which is herewith served upon you within thirty(30) days after service of this summons upon you, exclusive of the day of service. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney

In case of your failure to defend this action by above date, judgment by default can be rendered against you for the relief demanded in the complaint

Attested to on date issued **LEON CLANTON, Circuit Court Clerk**

Issued 7-12, 20 06 By Mary Green

D.C.

## NOTICE

**TO THE DEFENDANT (S):**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the 24 day of July, 20 06

I served this summons together with a copy of the complaint herein as follows

Specialty Retailers (TX) LP c/o C.T. Corp

**EXHIBIT**
Collective
Exhibit A

Sheriff-Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE

SUMMONS

# STATE OF TENNESSEE
## LAWRENCE COUNTY
### CIRCUIT COURT AT LAWRENCEBURG, TN

Number

Plantiff

VERSUS

**CIRCUIT COURT SUMMONS**

Defendant

TO
Defendant in the above entitled civil action

You are hereby summoned and required to serve upon

plaintiff's attorney whose address is

an answer to the

which is herewith served upon you within thirty(30) days after service of this summons upon you exclusive of the day of service. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney.

In case of your failure to defend this action by above date judgment by default can be rendered against you for the relief demanded in the complaint.

Attested to on date issued **LEON CLANTON, Circuit Court Clerk**

Issued _____ 20__ By _____

D.C.

---

**NOTICE**

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

### RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the ___ day of _July_ 20 06

I served this summons together with a copy of the complaint herein as follows: Stage Stores, Inc.

Sheriff-Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE

SUMMONS

# STATE OF TENNESSEE
## LAWRENCE COUNTY
### CIRCUIT COURT AT LAWRENCEBURG, TN

Number

Plantiff

VERSUS

**CIRCUIT COURT SUMMONS**

Defendant

TO 

Defendant in the above entitled civil action

You are hereby summoned and required to serve upon

plaintiff's attorney whose address is

an answer to the

which is herewith served upon you within thirty(30) days after service of this summons upon you, exclusive of the day of service. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney

In case of your failure to defend this action by above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Attested to on date issued **LEON CLANTON, Circuit Court Clerk**

Issued _____ 20 ___ By _____

D.C.

---

**NOTICE**

TO THE DEFENDANT (S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the _24_ day of _July_ 20 _06_

I served this summons together with a copy of the complaint herein as follows: Peebles, Inc.

_____
Sheriff-Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE

IN THE CIRCUIT COURT FOR LAWRENCE COUNTY, TENNESSEE

ESTELEANE LEWIS and )
CECIL LEWIS )
 )
   Plaintiffs )
 )
v. ) Case No. CC-1949-06
 )
 )
PEEBLES, INC. )
STAGE STORES, INC. )
SPECIALTY RETAILERS (TX) LP )
Defendant )

## COMPLAINT

Comes now the Plaintiffs, Esteleane Lewis and Cecil Lewis, and for their cause of action against the Defendant, respectfully show the following:

1. Plaintiff, Esteleane Lewis, is a citizen of Lawrence County, Tennessee Plaintiff Cecil Lewis is a citizen of Lawrence County, Tennessee, and is the husband of Plaintiff Esteleane Lewis.

2. Defendant, Peebles is a Tennessee corporation having its principal place of business at 10201 Main Street, Houston, Texas 77025. Its registered agent is CT Corporation Systems, with a registered office at 800 Gay Street, Suite 2021, Knoxville, Tennessee, 37929 and is a subsidiary of Stage Stores, Inc.

3. Defendant, Stage Stores, Inc. is a Tennessee corporation having its principal place of business at 10201 Main Street, Houston, Texas 77025. Its registered agent is CT Corporation Systems, with a registered office at 800 Gay Street, Suite 2021, Knoxville, Tennessee, 37929 and is a subsidiary of Specialty Retailers (TX) LP.

4. Defendant, Specialty Retailers (TX) LP is a limited partnership having its principal place of business at 10201 Main Street, Houston, Texas 77025. Its registered agent is CT Corporation Systems, with a registered office at 800 Gay Street, Suite 2021, Knoxville, Tennessee, 37929.

5. The Defendant maintains a retail Peebles store on Highway 43 North in Lawrenceburg, Lawrence County, Tennessee, which encourages patronage from the public.

6. On or about July 12, 2006, Plaintiff, Esteleane Lewis entered into the Lawrenceburg Peebles store to purchase merchandise.

7. The store was open to the public at the time of the accident.

8. Plaintiff was shopping for clothes inside the store.

9. The store was undergoing renovations of which the Plaintiff was not aware.

10. Plaintiff was not aware of any warnings to the public.

11. While plaintiff was "browsing" through clothing on a rack, she noticed a lady's suit on the rack, while attempting to locate the price tag, plaintiff realized the price tags were on the opposite side of the rack to where she was located.

12. When Plaintiff attempted to access the opposite side of the clothes rack, plaintiff tripped over plastic located on an uneven floor where renovations were being performed.

13. Plaintiff fell to a concrete floor, sustaining serious injuries to her person.

14. It is the duty of the Defendant to use ordinary care and diligence to keep and maintain all customer areas in a reasonably safe condition for patrons, such as Plaintiff.

15. It is the duty of the Defendant to warn patrons, such as the Plaintiff, of all hidden defects or dangers that are known to the Defendant.

16. Defendant breached its duty to Plaintiff by failing to maintain the shopping area in a reasonably safe condition, and this failure constitutes negligence on the part of the Defendant

17. The the dangerous condition was in an area frequented by employees of the Defendant, and thus the Defendant had constructive or actual notice of the existing condition, but failed to reasonably cure it. This act or omission constitutes a breach of duty by Defendant and constitutes negligence on the part of the Defendant.

18. The Defendant failed to warn Plaintiff of the dangerous condition existing in the shopping area. This failure to warn constitutes negligence and a breach of Defendant's duty to Plaintiff.

19. In the alternative, if Defendant claims no notice or knowledge of the condition, then Plaintiff avers that Defendant was negligent in failing to properly inspect the premises and to determine the existence of the condition. This act or omission constitutes a breach of duty by Defendant and constitutes negligence on the part of the Defendant.

20. As a direct and proximate result of the negligence and wrongful acts of the Defendant, Plaintiff has sustained serious and painful injury which is permanent in nature and which has caused her to incur great medical expense.

21. As a direct and proximate result of the negligence and wrongful acts of the Defendant, Plaintiff has suffered a loss of earning capacity, a loss of enjoyment of life, and

has suffered great pain, of both the body and mind, for all of which this Defendant is liable.

22. The aforesaid acts of negligence were the cause in fact and the proximate cause of Plaintiff's injury and were without any fault on the part of the Plaintiff

23. Plaintiff Cecil Lewis has lost the companionship and services of Plaintiff Esteleane Lewis as a direct and proximate result of Defendant's actions.

### WHEREFORE, PREMISES CONSIDERED Plaintiffs pray that:

1. Plaintiff Esteleane Lewis be awarded a judgment in an amount in excess of $1,000,000.00 against Defendant for all compensatory damages to which she is shown to be entitled at a trial of this cause.

2. Plaintiff Estelene Lewis be awarded a judgment against Defendant for all punitive and exemplary damages to which he is shown to be entitled at a trial of this cause arising from Defendant's gross negligence.

3. Plaintiff Cecil Lewis be awarded a judgment in an amount in excess of $250,000.00 against Defendant for all loss of consortium damages to which he is shown to be entitled at a trial of this cause.

4. Plaintiffs be entitled to the cost of this suit.

5. Plaintiffs be awarded to such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Charles M. Bates*

Charles M. Bates
Sup. Ct. No. 020609

203 West Gaines Street
P.O. Box 494
Lawrenceburg, Tennessee 38464
(931) 762-3939
Attorneys for Plaintiffs

I AM SURETY FOR COSTS.

*/s/ Charles M. Bates*

Charles M. Bates, Attorney at Law