UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ESTELEANE LEWIS and CECIL LEWIS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:06-0059 ) Judge Echols ) |
| PEEBLES, INC., STAGE STORES, INC., and SPECIALTY RETAILERS (TX), LP, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

This is a slip and fall case in which Defendants Peebles, Inc., Stage Stores, Inc., and Specialty Retailers (TX) LP (collectively "Defendants" or "Peebles") have filed a Motion for Summary Judgment (Docket Entry No. 15). Plaintiffs Esteleane Lewis ("Mrs. Lewis") and Cecil Lewis ("Mr. Lewis") have filed a response (Docket Entry No. 22, 23), to which Defendants have replied (Docket Entry No. 25).

### I. FACTUAL BACKGROUND

This diversity action was filed after Mrs. Lewis, while shopping at a Peebles store in Lawrenceburg, Tennessee, tripped and fell to the floor. The facts, construed in Plaintiffs' favor are as follows.

On July 12, 2006, Mrs. Lewis entered the Pebbles store to return some merchandise. At the time, portions of the store were undergoing remodeling and the general contractor handling the project was US Builders LP. Because the store remained opened during the remodeling, US

1

Builders erected heavy plastic sheeting that hung from the ceiling to the floor around the areas of renovation. The bottom edge of the plastic sheet was supposed to be tucked under and toward the inside of the work area.

To warn customers of the construction, several signs were posted. The signs were 22" x 28" and read "PARDON OUR DUST. We're Remodeling at Peebles. WATCH YOUR STEP." One such sign was placed at the entrance to the store, while another was posted inside the store in front of the plastic sheeting. Mrs. Lewis claims she never saw such signs.

After returning some merchandise, Mrs. Lewis decided to look at some clothing. The clothing racks were placed close together and one rack was next to the plastic sheeting. While holding her purse and a pair of pants near the rack next to the plastic sheeting, Mrs. Lewis fell and landed on her back. Mrs. Lewis was transported by ambulance to a hospital where she complained about a "global headache" and pain in her lumbar and thoracic spine. Mrs. Lewis was admitted to the hospital for an overnight stay so that a CT scan could be performed the following day.

Mrs. Lewis claims that as a result of the fall her head hurts continuously. She also claims that she has pain in both of her eyes and that her eyesight has diminished.

Plaintiffs filed suit in the Circuit Court of Lawrence County. Mrs. Lewis alleged that her injuries were proximately caused by the negligence of the Defendants. Mr. Lewis claims that he lost the companionship and service of his wife. Defendants removed the action to this Court and the Motion for Summary Judgment followed.

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See

2

Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. APPLICATION OF LAW

To prevail on a negligence claim, a plaintiff must establish the following elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). Because "business proprietors are not insurers of their patrons' safety," in order to recover for premises liability, "the plaintiff must

3

prove, in addition to the elements of negligence, that: (1) the condition was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004).

"Negligence is not to be presumed from the mere happening of an accident." Pittenger v. Ruby Tuesday, Inc., 2007 WL 935713 at *3 (Tenn. Ct. App. 2007)(citation omitted). "Therefore, in the context of injuries to plaintiffs resulting from a fall, 'mere speculation about the cause of an injury is insufficient to establish liability on a negligence claim.'" Id. "'As such, a plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall.'" Id.

In this case, Defendants argue that Mrs. Lewis cannot establish a negligence claim because she cannot say what caused her fall or that the fall was the responsibility of Peebles. In this regard, Defendants point to what they characterize as varying explanations by Mrs. Lewis as to how she fell. On the day of the accident, Plaintiff told Kasey Kilburn, an assistant store manager, that she thought the plastic sheeting was a wall and that she grabbed at it and fell. Six days later, she told Gail Greene, a claims representative for Peebles' insurer that as she was trying to squeeze through an area between the clothes rack and what she believed to be a wall, something "threw" her, and she reached out for the wall which gave way and caused her to fall. In her Complaint, Ms Lewis alleged that she tripped on plastic on an uneven floor. However, in her deposition, Mrs. Lewis was a little sketchy about how the indicent occurred. In an Affidavit filed in response to Defendants' Motion for Summary Judgment, Mrs. Lewis states that the plastic was not tucked in and that she lost her balance

4

on uneven flooring and her foot became entangled in loose plastic on the floor. (Mrs. Lewis. Aff. ¶¶ 5 & 10).

While Mrs. Lewis' version of the events surrounding her fall vary somewhat (particularly those related in her deposition compared to those related in her subsequent affidavit), the Court does not find them inconsistent. Common throughout is that Mrs. Lewis tripped or lost her balance on an uneven floor and grabbed at what turned out to be plastic sheeting. She also claims that the racks of clothes were placed close together and the particular rack which held the clothes she was looking at was placed very close to the plastic sheeting.

A factfinder[1] could conclude that the placement of the racks coupled with an uneven floor (whether caused by plastic lying on the floor or otherwise) constituted a dangerous or defective condition. It will be for Defendants to point out Mrs. Lewis' alleged discrepancies regarding the events surrounding her fall through cross-examination.[2] However, when the facts are construed in Plaintiffs' favor, the Court cannot conclude as a matter of law that Mrs. Lewis cannot establish a dangerous or defective condition which is required to prover her negligence claim.

Nor can the Court conclude as a matter of law that Peebles is not responsible because U.S. Builders erected the plastic sheeting around the renovation area. Notwithstanding that this was the first slip-and-fall during the remodeling even though the sheeting had been up for some time, a reasonable factfinder could conclude that Peebles was on notice of a possible dangerous condition.

---

[1] While the factfinder is generally a jury, this case is scheduled to be tried to the Court.

[2] Similarly, Defendants can attempt to call into doubt Mrs. Lewis' credibility in relation to her allegedly not seeing the warning signs. The Court, however, cannot conclude that the signs and their location were sufficient to warn the reasonably prudent shopper about the possible dangers. Again that is something which needs to be addressed at trial.

"[C]onstructive notice can be established by proof that the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition." Blair, 130 S.W.3d at 764. This may be established by showing "that the premises owner's method of operating the business indirectly resulted in creation of the dangerous condition, although the acts of third parties also contributed to its creation." Id.

Here, the evidence, construed in Plaintiffs' favor, suggests that, at least on the day in question, the racks were close together and one rack was placed very near the plastic sheeting. A reasonable factfinder could conclude that this placement, coupled with an uneven floor, contributed to Plaintiff's fall and therefore Peebles was indirectly responsible for the dangerous condition. Accordingly, summary judgment is not proper on the ground that U.S. Builders is allegedly the only responsible party.

### III. CONCLUSION

On the basis of the foregoing, Defendants' Motion for Summary Judgment (Docket Entry No. 15) will be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE